UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Sergeant Joseph Boulton,

    Plaintiff,

v.

Christopher Swanson and Genesee County,

    Defendants.

                                                  /

Case No. 13-13543

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND RENEWED MOTION TO AMEND [29]**

    Currently before the Court is Plaintiff's motion for reconsideration of the Court's Order granting Defendants' motion for reconsideration and striking the third amended complaint. For the reasons set forth below, the Court DENIES Plaintiff's motion.

    Pursuant to Rule 7.1(h) of the Local Rules for the Eastern District of Michigan, a party may file a motion for reconsideration within fourteen days after a court issues an order to which the party objects. Although a court has the discretion to grant such a motion, it generally will not grant a motion for reconsideration that "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h). To persuade a court to grant the motion, the movant "must not only demonstrate a palpable defect by which the court and the parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case. *Id.*

    Plaintiff seeks reconsideration here, claiming that the Court's decision to grant Defendants' earlier filed motion for reconsideration was based on misleading assertions

made therein, specifically with regard to what Plaintiff knew about Sheriff Pickell's role in this matter and when he knew it. The Court is not convinced that it was misled by a palpable defect.

It is uncontested that Plaintiff has known that Sheriff Pickell was the final decision maker on employment issues at Plaintiff'svworkplace for quite some time. Plaintiff's argument that he did not know the extent to which Sheriff Pickell may have been involved does not take away from the fact that he knew Sheriff Pickell not only had the final say but was at the very least, kept abreast of the developing situation, and therefore, should have been included as a defendant from the outset.

A close look at Plaintiff's Second Amended Complaint, filed on or about July 18, 2013 further undercuts Plaintiff's position that he had no way of knowing that Sheriff Pickell should have been included as a defendant. Specifically, Plaintiff's Second Amended Complaint contains allegations that Sheriff Pickell attended a special conference with Plaintiff, Undersheriff Swanson and others to discuss the treatment Plaintiff was receiving by way of Undersheriff Swanson. During that meeting, Plaintiff was allegedly threatened with an internal investigation into his behavior. Plaintiff goes on to allege that less than a month after the special conference, during a blackout, Sheriff Pickell disparaged him in front of some colleagues and Plaintiff insinuates that his previously friendly relationship with the Sheriff had soured.

Plaintiff also points to an instance of disciplinary action directed at another employee during which Undersheriff Swanson hid facts from Sheriff Pickell. That example, however, is not enough to convince the Court that Plaintiff was correct to assume that Sheriff Pickell was being kept in the dark by Swanson in his case as well. Furthermore, Plaintiff's

assertion that he could not have possibly known that Sheriff Pickell would take "the unlikely position that he knew everything that happened in the Sheriff's Department" is a non-starter. What other position could the Sheriff have possibly taken? That he *did not* know about everything going on in his Sheriff's Department? For someone in the Sheriff's position, it seems to the Court much more unlikely that he would claim to be ignorant of events such as those complained of by Plaintiff, particularly where Plaintiff had recently testified about some of the practices at the Sheriff's Department in a less than flattering light at a public labor arbitration hearing.

In light of the above, Plaintiff cannot now claim that he was unaware of the Sheriff's involvement with the adverse treatment he was receiving at work. While standing alone the allegations of disparaging comments and a chilled friendship are circumstantial, when combined with the fact that the Sheriff attended a meeting to discuss the situation at issue, Plaintiff would have been well within his rights to include Sheriff Pickell as a defendant from the inception of this lawsuit.

Therefore, the Court finds that it was not misled by Defendants' assertions that Plaintiff had sufficient information for the past year to justify including Sheriff Pickell as a defendant in this case. Plaintiff has not carried his burden with his arguments for reconsideration, and his motion is DENIED, as is his renewed motion to amend.

SO ORDERED.

                                                    s/Nancy G. Edmunds
                                                  Nancy G. Edmunds
                                                  United States District Judge

Dated: July 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 30, 2014, by electronic and/or ordinary mail.

                                            s/Carol J. Bethel
                                            Case Manager